NO. 07-99-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 7, 2000

______________________________

ARMANDO ADAME, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A13123-9808; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND
  

On January 12, 1999, upon his plea of guilty, appellant Armando Adame was found guilty of aggravated robbery and his punishment was assessed at 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice along with a $1,000 fine.  Appellant, acting 
pro se
, filed a timely notice of appeal. 

On July 12, 1999, we had not yet received the clerk’s and reporter’s records for this case, nor had we received an appellant’s brief.  Accordingly, we abated this cause and remanded to the trial court for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b).  The trial court found that appellant had not abandoned his appeal and appointed Jesse Mendez to represent appellant.  The trial court further ordered that the trial court clerk prepare a supplemental clerk’s record to be filed with this Court.  Although we received the clerk’s and reporter’s records, including the supplemental clerk’s record, we still had not received an appellant’s brief and again abated this cause and remanded to the trial court for a hearing pursuant to Rule 38.8(b).  We have now received appellant’s brief and have also received appellant’s “request for hearing to correct inaccuracies and errors in reporter’s record and clerk’s record” whereby appellant alleges that these inaccuracies and errors would directly impact his proposed points of error on direct appeal.
(footnote: 1)  This sequence of events requires us to call for a third hearing as provided in Texas Rule of Appellate Procedure 34.6(e)(3).  Accordingly, this appeal is abated and the cause once again remanded to the 64th District Court of Hale County. 

Upon remand, the judge of the trial court shall immediately cause notice to be given of, and to conduct, a hearing to determine: 

1. whether there are inaccuracies and/or errors in the record as alleged by appellant, and

2. ensure that the record is made to conform to what occurred in the trial court.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  The supplemental clerk’s and reporter’s records shall be submitted to the Clerk of this Court not later than September 29, 2000.  

      It is so ordered. 

                                          Per Curiam 

Do not publish. 

FOOTNOTES
1:
Specifically, appellant alleges (1) an inaccuracy in the reporter’s record that could cause his plea agreement to be fatally defective, (2) a conflict between the reporter’s record and clerk’s record regarding appellant’s admission of guilt to unadjudicated offenses, and (3) the absence of a pre-sentence investigation report from the clerk’s record that was tendered in the reporter’s record.